## WYER v SMITH et

Ohio Appeals, 1st Dist, Butler Co

No 685. Decided June 5, 1936

John D. Andrews, Hamilton, Stephen W. Jones, Cincinnati, M. O. Burns, Hamilton, and Larz A. Hammel, Cincinnati, for appellant.

P. P. Boli, Hamilton, and W. C. Shepherd, Hamilton, for appellees.

## OPINION

By ROSS, PJ.

Appeal on questions of law, from the Court of Common Pleas of Butler County.

This was a will contest. The verdict and judgment sustained the will. The testator left a number of bequests to various persons including some of his heirs. A considerable residuary bequest was made to The Mound Cemetery Association. The testator was 81 years of age at the time of the execution of the will and in failing health. His wife and all his children had predeceased him. The testator was a close friend of Austin T. Smith, whom he named as executor. Smith is treasurer of the Cemetery Association, and its leading member. Sometime before the death of the testator he sold his farm. A considerable portion thereof was purchased by Smith who gave a series of notes, bearing no interest, as the consideration for the purchase. These notes became the property of the Cemetery Association under the will. They run during a period of twelve years.

There is no question that the testator was guided largely in his decisions by the advice of Smith, and that he relied greatly upon his judgment. Whether or not a testator under such circumstances is unduly influenced must be a question wholly within the province of a jury to determine. The same facts would justify a verdict for or against undue influence.

Complaint is made as to many instances in which it is asserted that the trial court ruled adversely to the contestants. We have examined each of these instances and can not say that any one or all of them constitute such error prejudicial to the contestants as to require a reversal of the judgment of the trial court predicated upon the verdict of the jury.

It is claimed that a special charge given at the request of those seeking to sustain the will constituted prejudicial error. The charge is as follows:

"A will cannot be impeached for undue influence unless the influence under which it is made, imposes some restraint upon the testator in the disposition of his property in accordance with his own independent wishes and judgment. Influence to be undue must be wrongful. To avoid a will it must be of such nature as to deprive the testator of the exercise of his own judgment and volition."

The use of the word "wrongful" is asserted to be prejudicial error. Can there be a rightful undue influence? "Undue" means: "Not appropriate or suitable; improper; unseasonable. Unjustifiable, illegal. Going beyond what is appropriate, warranted, or natural; excessive."

"Wrongful" means: "Full of wrong, injustice, or injury; marked or characterized by wrong, unfairness, or violation of equity."

 It would seem that there is a similar element in the connotation of both words.

The use of the word wrongful or similar expression has been sustained in the following cases: Zimmerman v Cook, 7 Abs 708; Powell v Bechtel, 340 Ill. 330, 172 NE 765; Biggerstaff v Wicks, 348 Ill. 129, 180 NE 840; Printz v Schmidt, 334 Ill. 576, 166 NE 209; In Re Mullin's Will, 256 N. Y. S. 519, 526; Udstuen v Illk, 291 Ill. 443; In Re Smith's Will, 255 N. Y. S. 233, 235; In Re Schaeffer's Estate, Schaeffer v Ziebell et, 241 NW 382, 385; Price's Executor v Barham, 147 Va. 478; Eldridge v May, 128 Me. 112.

Special charge No. 3 is also criticized.

"In order to avoid a will on the ground of undue influence, it must be shown that the undue influence operated at the time the will was made and caused its execution. Influence exerted after the will was made cannot affect its validity."

The use of the word "operated" is objected to as confined to the time of the execution of the will. It is claimed that the word "existed" should have been used. This term is frequently and aptly used as describing the necessary requisite to establish the appropriate ground for setting aside a will. Hoelscher v Hoelscher, 322 Ill. 406, 153 NE 662; Ray v Koenigsmarck, 329 Ill. 588, 161 NE 124; Wackman v Wiegold, 202 Ia. 1391.

We find no error prejudicial to the contestants of the will, and the judgment of the Court of Common Pleas of Butler County is affirmed.

MATTHEWS and HAMILTON, JJ, concur.